UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SION K. HENRY,

    Petitioner,

v.                                                      Case No. 3:20-cv-1372-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

**I.   Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on November 18, 2020 (mailbox rule). He challenges a 2017 state court (Duval County, Florida) judgment of conviction for robbery and sexual battery. He is serving a term of life imprisonment. Respondents filed a Motion to Dismiss (Doc. 9), with exhibits (Doc. 9-1; Ex.), arguing that this case is untimely filed and should be dismissed with prejudice. Although afforded an opportunity to do so, Petitioner did not file a reply. This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

(11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Procedural History

On August 10, 2016, the state of Florida filed a second amended information charging Petitioner with two counts of sexual battery and one count of robbery. Ex. B1. Petitioner, with the assistance of counsel, executed a written "Plea of Guilty" on February 13, 2017. Ex. B2. The trial court accepted Petitioner's plea that same day. Ex. B3 at 22. On March 31, 2017, the trial court adjudicated petitioner guilty as charged, designated him a sexual predator, and sentenced him to life in prison for the sexual battery counts and 15 years for the robbery count. Ex. B4. Petitioner did not file a direct appeal. See Ex. A (state court docket).

On October 5, 2018, Petitioner filed in state court a pro se "Extraordinary Motion to Compel[] and Define and Clarify all Public Records to this Case." Ex. H1. The state court denied the motion on October 17, 2018. Ex. H2. Then on October 22, 2018, Petitioner filed a motion purportedly pursuant to Florida Rule

3

of Criminal Procedure 3.850. Ex. H3. The state court construed the motion as being filed under Rule 3.853(b) and on October 31, 2018, the court dismissed it without prejudice "as facially insufficient" with leave to amend. Ex. H4.

On October 29, 2018, Petitioner filed a pro se "Extraordinary Motion Postconviction Relief," which the state court again dismissed as facially insufficient with leave to amend on November 14, 2018. Exs. C1, C2. On December 17, 2018, Petitioner filed a "Successive Motion for Postconviction Relief," which was likewise dismissed with leave to amend on January 30, 2019. Exs. C3, C4.

On March 26, 2019, Petitioner filed a pro se amended Rule 3.850 motion. Ex. C5. On June 25, 2019, the state court entered an order summarily denying the motion. Ex. C6.

In the First District Court of Appeal, Petitioner filed a "Petition Seeking Belated Discretionary Review" on October 2, 2019, but the First DCA dismissed the appeal as untimely. Exs. E1, E2. The First DCA denied Petitioner's request for rehearing on January 21, 2020. Ex. E4. On February 10, 2020, the First DCA then denied as "legally insufficient" Petitioner's second attempt for a belated appeal of the state court's postconviction order. Ex. F2; see Henry v. State, 289 So. 3d 995 (Fla. 1st DCA 2020) ("Because [the p]etitioner's amended petition for belated appeal is not sworn and does not articulate any specific facts demonstrating an entitlement to a belated appeal as required by Florida Rule

4

of Appellate Procedure 9.141(c)(4)(F), the amended petition is legally insufficient. Accordingly, the amended petition for belated appeal is denied." (citation omitted)).

Petitioner filed the instant case on November 18, 2020.

## IV.  Analysis

Petitioner did not file a direct appeal; thus, his conviction and sentence became final on May 1, 2017, which is thirty[2] days after the state court entered its judgment. See Fla. R. App. P. 9.140(b)(3); see also Baca v. State, 313 So. 3d 1177, 1181 n.1 (Fla. 1st DCA 2021) ("If no [direct] appeal is taken, the judgment and sentence becomes final within thirty days."). Petitioner's one-year limitations period began to run the next day, and it expired one year later on May 2, 2018, without the filing of any motions in state court that would have tolled the one-year limitations period.[3] Thus, Petitioner's instant Petition, filed on November 18, 2020, is untimely.

Petitioner has neither alleged that he is entitled to equitable tolling nor that he is actually innocent. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Accordingly, it is

---

[2] The thirtieth day fell on a Sunday so the Court uses the following day.

[3] Although Petitioner filed several state court motions after May 2, 2018, such motions did not toll the limitations period because "once a deadline has expired, there is nothing left to toll." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

5

**ORDERED**:

1.  This case is **DISMISSED with prejudice** as untimely.

2.  If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

3.  The **Clerk** shall enter judgment dismissing this case with prejudice as untimely, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of December, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 11/30
c:
Sion K. Henry, #J59021
Counsel of Record

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

6